# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02495-MSK-MJW

**NATIONWIDE TELECOM INCORPORATED**,

Plaintiff,

v.

**DOLLAR PHONE CORP.**

Defendant.

---

## AMENDED COMPLAINT

---

**COMES NOW**, Nationwide Telecom, by and through their undersigned attorneys, BKN Murray LLP, and respectfully submit the following as its Complaint in this action:

## PARTIES

1. Nationwide Telecom is a Colorado Corporation located at 6000 E. Evans Avenue, Building 1, Suite 400, Denver, CO 80222.

2. Dollar Phone Corp ("Dollar Phone") is a foreign corporation, with an address at 232 Broadway, Brooklyn, NY 11211.

## JURISDICTION

3. The parties are of diverse citizenship.

4. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

6. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area contained within the federal judicial district known as the District of Colorado. Moreover, Plaintiff Nationwide's business is within the territorial boundaries of the District of Colorado.

## GENERAL ALLEGATIONS

7. Nationwide Telecom Inc, ("Nationwide") contracted with Qwest Communications Corporation on July 31, 2002 for an international SIP Trunk line.

8. Qwest Communications Corporation was acquired by CenturyLink Communications, LLC ("CenturyLink") in 2010.

9. By process of that acquisition Nationwide's contract for the SIP Trunk line was transferred to CenturyLink.

10. Nationwide is a worldwide telecommunications company which provides international telephone services to its clients.

11. Dollar Phone sells prepaid calling cards for international and domestic telephone communications.

12. Nationwide buys wholesale bandwidth on CenturyLink's T1 Trunk line to provide international telephone services to its customers.

13. Nationwide has not contracted, agreed or allowed Dollar Phone or any other individual, entity, corporation and/or business to access to its T1 trunk line.

14. Nationwide's CenturyLink International SIP Trunk T1 line was first accessed without authorization on June 2, 2016.

15. Upon information and belief, Dollar Phone obtained access to Nationwide's Switch Internet Protocol ("IP") address.

16. Upon information and belief Dollar Phone resold Nationwide's network Voice Over Internet Protocol ("VoIP") route to Dollar Phone's consumers.

17. Nationwide's international SIP Trunk line was loaded with international calls from Dollar Phone's VoIP switch and Internet Protocol ("IP") addresses.

18. The following Dollar Phone VoIP and IP were used to access Nationwide's wholesale partition switch: 216.48.184.132; 216.48.184.133; 216.48.184.52; 216.48.184.53.

19. Nationwide's wholesale switch IP address is 65.112.165.7, 65.112.165.8, 65.112.165.9, 65.112.165.13 and 65.112.165.15.

20. Dollar Phone then accessed the following, but not limited to, CenturyLink's IP addresses: 65.115.130.55; 67.135.78.208; 72.165.111.179; 72.165.111.68; 72.166.217.17; 72.166.217.181.

21. Upon information and belief Dollar Phone received payment for telephonic services contractually obtained by Nationwide.

22. Dollar Phone was not an authorized user of Nationwide's international SIP Trunk Line.

23. Upon information and belief Dollar Phone obtained Nationwide's SIP Trunk Line for an under market value.

24. Dollar Phone benefited from the extra profit margin when it obtained Nationwide's SIP Trunk Line and sold the services to its customers.

25. The under market phone usage sell price would put any reasonable person on notice that the SIP TI Trunk line was illegally obtained.

26. Dollar Phone knew, or should have known, that the SIP TI line was illegally obtained.

27. CenturyLink billed Nationwide for calls made by Dollar Phone customers on its SIP TI line for over $65,000.00

28. Nationwide was unable to pay for these additional charges and CenturyLink suspended its services causing loss of revenue, brand name damage and interest on loans obtained to reinstate CenturyLink service and executive resources.

## FIRST CLAIM FOR RELIEF
### (Conversion)

29. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-28 above as though again herein fully set forth.

30. Defendants committed distinct, unauthorized acts of dominion or ownership over the personal property of Plaintiff.

31. The acts of Defendants constitute willful and wanton conduct, thereby entitling Plaintiff to exemplary damages.

32. As a direct and proximate result of these acts, Plaintiff has sustained damages in a sum to be proven at time of trial.

## SECOND CLAIM FOR RELIEF
### (Civil Theft)

33. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-32 above as though again herein fully set forth.

34. Pursuant to C.R.S §18-4-405, all property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser

or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property.

35. Payments and use from the telephonic services of the Plaintiff's SIP Trunk Line benefited Defendant, yet Defendant failed to pay the Plaintiff these proceeds.

36. Defendants knowingly obtained or exercised control over Plaintiff's property without authorization and intended to deprive the Plaintiff permanently of the use or benefit of these things of value.

37. Defendants' actions constitute civil theft pursuant to CRS §18-4-401 et. seq.

38. Plaintiff is entitled to treble damages, costs and attorneys' fees pursuant to C.R.S. §18-4-405.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

39. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-38 above as though again herein fully set forth.

40. At Plaintiff's expense, Defendant received a benefit under circumstance that would make it unjust for Defendant to retain the benefit without paying.

41. As a result of the actions of Defendant, they have been unjustly enriched.

42. As a direct and proximate result of these acts, Plaintiff has sustained damages in a sum to be proven at time of trial.

## FOURTH CLAIM FOR RELIEF
### (Violation Of 18 U.S.C. 1030 *et. seq*. – Defendant, Dollar Phone)

43. Plaintiff incorporates by reference each and every allegation and statement made in the preceding paragraphs 1 through 42 above, as if fully set forth herein.

44. The Computer Fraud and Abuse Act (18 U.S.C. 1030 *et. seq*.) (hereinafter "CFAA") prohibits unauthorized access to a "protected computer" for the purpose of obtaining information, causing damage, or perpetrating fraud.

45. The CFAA applies where a protected computer is accessed without authorization or exceeds authorized access.

46. A "protected computer" is a computer used in interstate or foreign commerce, and essentially encompasses any computer connected to the Internet.

47. The CFAA prohibits an individual or entity from:

a. intentionally accessing a computer without authorization or exceeding authorized access, and thereby obtains information from any protected computer; or

b. knowingly and with intent to defraud, accessing a protected computer without authorization, or exceeding authorized access, and by means of such conduct obtains anything of value, exceeding $5,000 in any 1-year period; or

c. knowingly causing the transmission of a program or command, which intentionally causes damage without authorization, to a protected computer.

48. Section 1030(g) of the CFAA authorizes a civil action to seek remedies of compensatory damages and injunctive relief by one who suffers damage or loss from the CFAA violation aggregating at least $5,000.00 in any one-year period.

49. The CFAA defines the term "damage" as "any impairment to the integrity or availability of data, a program, a system, or information" and "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred..."

50. Dollar Phone accessed Nationwide's IP addresses, switches, servers and Trunk Line and such access was without authorization and damaged Plaintiff's business, incurred exorbitant phone charges and impaired Plaintiff's competitiveness.

51. Plaintiff has been damaged by impairment to the integrity and availability of its Century Link Trunk line and is entitled to reasonable costs incurred, including the cost of conducting a damage assessment, and restoring the it TI Trunk line access prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service, in an amount to be determined at trial and as requested in the Demand for Judgment set forth below.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor, and against the Defendant for an amount to be proven at trial, attorney fees and costs, and for such other and further relief as this Court deems appropriate.

Respectfully submitted this 2nd day of December, 2016.

By: */s/ Aimee M. Bove*
Aimee M. Bove, #36915
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: above@bknmurray.com
*ATTORNEY FOR PLAINTIFF*
*NATIONWIDE TELECOM*
*INCORPORATED*

Name and Address of Plaintiff:

Nationwide Telecom Incorporated
6000 E. Evans Avenue
Building 1, Suite 400
Denver, CO 80222