UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Nationwide Telecom Incorporated §<br>§<br>*Plaintiff,* §<br>§<br>§<br>§<br>v. §<br>§<br>§<br>§<br>§<br>§<br>Dollar Phone Corp. . §<br>§<br>*Defendant.* §<br>_____§ | Civil Action No. 16-cv2495-MJW |

## MOTION TO DISMISS OR CHANGE VENUE

Defendant Dollar Phone Corp. ("DPC"), by and through its undersigned counsel, for its Motion to Dismiss, states as follows:

### Pre Motion Conference as Per Local Rules

Pursuant to the local rules, counsel communicated with counsel for Plaintiff Aimee Bove, Esq. by email on December 8, 2016 and December 29, 2016, and then in a long email trail back and forth on January 3, 2017 regarding DPC's motion to dismiss or transfer venue. Aimee Bove would not consent to the motion. A copy of this email conference is annexed to the accompanying Declaration of Edward N. Gewirtz.

### I. THE AMENDED COMPLAINT SHOULD BE DISMISSED DUE TO A LACK OF PERSONAL JURISDICTION.

To maintain the instant action against Defendant, the Court must have personal jurisdiction over Defendant, and venue must be proper in this Court. "Where, as here, a defendant seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears

the burden of establishing personal jurisdiction over the defendant." *Fairbrother v. Am. Monument Found., LLC*, 340 F. Supp. 2d 1147, 1151 (D. Colo. 2004) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "[O]nly the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz*, 55 F.3d at 1505. Further, in the interests of equity, expediency, and fair treatment of the parties, federal law establishes that venue is proper only in certain judicial districts, to the exclusion of all others. 28 U.S.C. §1391(a).

### II. BASES OF PERSONAL JURISDICTION

In order to obtain jurisdiction over a non-resident defendant, a plaintiff "must establish that (1) jurisdiction is proper under the laws of the forum state and (2) the exercise of jurisdiction does not offend due process." *Fairbrother*, 340 F. Supp. 2d at 1152 (quotation marks omitted and citing *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001)). Because Colorado's long arm statute confers jurisdiction coextensive with due process of law, constitutional analysis is appropriate. *See Fairbrother*, 340 F. Supp. 2d at 1152. In order to show that the Court's exercise of personal jurisdiction over Defendant is within the bounds of the Due Process Clause, Plaintiff must either show that one of the traditional bases for personal jurisdiction exists, or that Defendant has sufficient minimum contacts with Colorado as to warrant the Court's exercise of personal jurisdiction.

## III. NO TRADITIONAL BASIS EXISTS FOR PERSONAL JURISDICTION IN COLORADO OVER DEFENDANT

The three traditional bases for the exercise of personal jurisdiction are: (1) service within the forum state, *see Burnham v. Sup. Ct.*, 495 U.S. 604, 619 (1990), (2) domicile in the forum state, *see Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940)), and (3) consent to the forum state's exercise of personal jurisdiction, *see* Fed. R. Civ. Proc. 12(h)(1); *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). Plaintiff does not allege that any of the traditional bases for personal jurisdiction apply. Defendant was not served in Colorado, Defendant is not domiciled in Colorado, and Defendant has not consented to the exercise of personal jurisdiction in Colorado. *Declaration of Sam Klinger*. Thus, there can be no traditional basis for the assertion of personal jurisdiction over defendant. While Plaintiff has claimed during the pre-motion conference that calls were placed from an end user in Colorado that were then transmitted by Dollar Phone Corp., as set forth in the accompanying declarations including that of Chris Zambito, Dollar Phone Corp. from the New York metropolitan area deals only on a whole sale level with clients who are not end users, and thus it is irrelevant that an end user in Colorado, through another company that is a customer of Dollar Phone Corp., placed a call that was sent through Dollar Phone Corp.'s switch in the New York metropolitan area.

## IV. DEFENDANT IS NOT SUBJECT TO GENERAL OR SPECIFIC PERSONAL JURISDICTION

Courts may "exercise personal jurisdiction over a nonresident defendant if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" *Fairbrother*, 340 F.

Supp. 2d at 1152 (citing *Doering*, 259 F.3d at 1210). "The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction." *Id*.

**A. Defendant Has No Continuous and Systematic Activity in Colorado That Would Support a Finding of General Jurisdiction**

Defendant is subject to personal jurisdiction if its contacts with the forum state are sufficient to "constitute the kind of continuous and systematic general business contacts" required for general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In assessing contacts with a forum state, the Tenth Circuit consider factors such as: "(1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation." *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 457 (10th Cir. 1996) (citation omitted).

It is indisputable that Defendant is not subject to general jurisdiction in Colorado. Defendant solicits no business in Colorado and only solicits business in New York. *Declaration of Sam Klinger.* Defendant does not regularly send agents into Colorado to solicit business. *Declaration of Sam Klinger..* Defendant does not hold itself out as doing business in Colorado. *Declaration of Sam Klinger..* Defendant does not advertise or have any bank accounts in Colorado. *Declaration of Sam Klinger..* Finally, the volume of business conducted by Defendant in Colorado is zero. *Declaration of Sam Klinger.* Defendant does not maintain a website. *Declaration of Sam Klinger. Declaration of Abe Greenfield*. Moreover, even if Dollar Phone had a passive website, which it does not, "[E]xercising personal jurisdiction is not appropriate when

the Internet use involves [a] passive Web site that does little more than make information available to those who are interested in it." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999) (citation and internal quotation marks omitted); *see also Boppy Co. v. Luvee Products Corp.*, No. 04-MK-320 (OES), 2004 WL 2608265 at *4-5 (D. Colo. May 25, 2004) (finding no purposeful availment and thus no specific jurisdiction *even where* Colorado residents could purchase items from a website: "the Court cannot say that merely because Colorado residents *can* order from Luvee, the company has purposefully directed its activities towards Coloradans, any more than it has directed its activities towards the nation (or world) in general.") (emphasis in original).

Defendant further has no future intention to expand its business into Colorado. In any event, the inquiry, however, does not delve into the abstract discussion of whether the defendant might, at some undefined point in the future, engage in business in Colorado or conduct other activities which might later satisfy the "minimum contacts" analysis. The inquiry is whether at the time of filing, the Defendant has sufficient minimum contacts to warrant the exercise of personal jurisdiction. *Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558, 562 (8th Cir. 2003)("Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit."). Accordingly, Defendant is not subject to general jurisdiction in Colorado.

**B. Defendant Has Not Purposefully Availed Itself of the Benefits Offered by Colorado so as to Support a Finding of Specific Jurisdiction.**

To establish specific personal jurisdiction over a defendant, a defendant's contacts with the forum state "must reflect purposeful availment *and* the cause of action must arise out of those contacts." *Kuenzle*, 102 F.3d at 456 (emphasis in original). Purposeful availment does not exist

where the contacts are merely random, fortuitous, or attenuated; to wit, the contacts must be "purposefully directed" towards residents of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Further, the defendant's actions must create a "substantial connection with the forum state." *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).

Here, Defendant has done nothing to purposefully avail itself of the benefits of conducting business in Colorado, nor has the Defendant purposefully directed contacts towards residents of Colorado. There is no basis for specific jurisdiction in Colorado offered by Plaintiff. The Amended Complaint makes no allegations whatsoever that Defendant purposefully availed itself of the benefits of conducting business in Colorado.

## C. Even if the Court Were to Find Personal Jurisdiction, Exercise of the Same Would Defeat Traditional Notions of Fair Play and Substantial Justice.

Even if the Court were to find that it has personal jurisdiction over Defendant based upon minimum contacts, the Court should still grant Defendant's motion to dismiss because the exercise of personal jurisdiction "would offend traditional notions of fair play and substantial justice." *Asahi Metal*, 480 U.S. at 113 (internal quotations omitted). Courts consider the following factors when making this determination:

> the burden on the defendant, the forum States interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King*, 471 U.S. at 477 (internal quotations omitted). Defendant has no contacts in Colorado and thus it would be significantly burdensome for it to defend the suit in Colorado. *Declaration of Sam Klinger*. Defendant owns no property, has no employees, and is not licensed to do business in Colorado. *Declaration of Sam Klinger..* It would be extremely difficult and costly for defendant to travel across the country from New York to Colorado in order to participate in the litigation. *Declaration of Sam Klinger.*; *OMI Holdings*, 149 F.3d at 1096 ("While not dispositive, the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction.").

Moreover, the State of Colorado does not have a strong interest in adjudicating the dispute. Thus, even if the Court were to find sufficient minimum contacts to support personal jurisdiction, exercise of said jurisdiction would offend traditional notions of fair play and substantial justice.

**V. THE COMPLAINT SHOULD BE DISMISSED DUE TO IMPROPER VENUE**

Per 28 U.S.C. § 1391, venue is proper in the following three circumstances:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See* 28 U.S.C. § 1391(b)(1)-(3). Since Defendant is a corporation, it "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction

with respect to the civil action in question." 28 U.S.C. §1391(c)(2). If the Court determines that venue is improper in Colorado, the Court is empowered to cure the defect by dismissing the action. 28 U.S.C. §1406(a).

Here, as set forth above, Defendant is not subject to personal jurisdiction in Colorado based on any traditional bases for personal jurisdiction or through minimum contacts with Colorado. As such, Defendant cannot be deemed to reside in Colorado within the definition of 28 U.S.C. §1391(c), and therefore venue in Colorado is improper under 28 U.S.C. §1391(b)(1). Further, as discussed above, no substantial part of the events giving rise to Plaintiff's claim occurred in Colorado. To the contrary, the alleged calls were routed by Dollar Phone Corp.'s switch which is located in the New York metropolitan area *Declaration of Chris Zambito*. Thus, venue in Colorado is improper under 28 U.S.C. 1391(b)(2). 28 U.S.C. 1391(b)(3) is inapplicable here because there are other districts in which this action could have been brought, namely the Eastern District of New York.

Defendants respectfully request that the Court dismiss the action for improper venue pursuant to 28 U.S.C. § 1406(a).

## VI. ALTERNATIVELY, VENUE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK.

Alternatively, the Court should transfer the case to the Eastern District of New York. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This determination is placed firmly within the discretion of the district court on an individualized, case-by-case consideration of convenience and fairness. *See Chrysler*

*Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). As an initial matter, the instant action could have been brought in the Eastern District of New York because Dollar Phone Corp. is subject to personal jurisdiction and is thus a resident of the Eastern District of New York. *Declaration of Sam Klinger*; 28 U.S.C. § 1391(b)(1). Relevant factors in the transfer analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit*, 928 F.2d at 1516 (citation omitted). Here, Defendant is located in the Eastern District of New York. *Declaration of Sam Klinger*. All evidence and sources of proof regarding Defendant's routing of this traffic is in the New York area. *Declaration of Chris Zambito*. The witnesses that can testify as to Defendant's routing of the traffic at issue are likewise located in the New York area. *Declaration of Sam Klinger, Chris Zambito, Ben Zelmanowitz*. These witnesses' testimony will involve, *inter alia*, the reasons for the traffic at issue, the duration defendant routing the traffic. *Declaration of Ben Zelmanowitz*. It would be extremely inconvenient and expensive for critical witnesses to travel to Colorado in connection with this litigation. *Declaration of Sam Klinger, Chris Zambito, Ben Zelmanowitz*

Further, there is no advantage in having the case heard in the District of Colorado as opposed to the Eastern District of New York. Thus, the factor pertaining to the advantage of having a local court determine questions of local law is neutral. Likewise, other factors, including the enforceability of judgment and the relative advantage and obstacles to a fair trial are neutral. Thus, in the alternative to dismissal, venue should be transferred to the Eastern District of New York.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that the Court GRANT Defendant's Motion to Dismiss for lack of personal jurisdiction or improper venue or, alternatively, transfer due to improper venue to the Eastern District of New York.

Dated: January 3, 2017

Respectfully submitted,

*/s/ Edward N. Gewirtz*
By:   Edward N. Gewirtz
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
(212) 697-7296 (facsimile)
Chona@bgandg.com
*Co-Attorneys for Defendant*

Lee M. Kutner
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO  80264
303-832-2711 Direct
303-832-1510 Fax
LMK@kutnerlaw.com
*Co-Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2017, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Aimee M. Bove
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Attorneys for Plaintiff Nationwide Telecom Incorporated
above@bknmurray.com

　　　　　　　　　　　　　　　　　　　　 /s/_____
　　　　　　　　　　　　　　　　　　　　Edward N. Gewirtz