**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 16-cv-02495-MSK-MJW

**NATIONWIDE TELECOM INCORPORATED,**

    Plaintiff,

v.

**DOLLAR PHONE ENTERPRISE INC.,**

    Defendant.

---

### ORDER ON MOTIONS TO RESTRICT

---

THIS MATTER comes before the Court on four Motions to Restrict. Three motions were filed by the Defendant (**# 21, 45,**[1] **55**). The remaining Motion to Restrict was filed by the Plaintiff (**# 31**). Defendant's Motions are titled "Motion for Protective Order To Seal Declarations in Support of Motion to Dismiss" **(#21),** "Motion to File Under Seal" (**55**) and "Unopposed Motion to Retroactively File Under Seal" **(#31, # 45).** All four motions are, in actuality, motions to restrict public access to documents filed.

### FACTUAL BACKGROUND

Only a cursory summary of the facts is pertinent to the issues before the Court. Plaintiff, Nationwide Telecom Inc. (Nationwide) is a telecommunications company providing telephone services to domestic and international clients. Defendant, Dollar Phone Enterprise, Inc. (Dollar Phone), sells domestic and international prepaid calling cards. Nationwide contends that Dollar Phone accessed its T1 Trunk Line, VoIP, and Switch Internet Protocol address without

---

[1]     Defendant filed two Motion to Restricts (**# 44, 45**) on February 6, 2017. Docket # 45 is a corrected version, which supersedes # 44. Docket # 44 is terminated.

authorization and resold Nationwide's telephonic services. Nationwide brings this action against alleging claims of conversion, civil theft, unjust enrichment, and violation of The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA").

It appears that the parties entered into an agreement for issuance of a protective order, which was filed with the court first as a draft (**# 20-2**), and then as a Stipulated Protective Order (**# 28**).

## LEGAL STANDARDS

There is a well-established common-law right of access to judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the idea that the public must retain the ability to evaluate a court's decision-making process and ensure that it is promoting justice by acting as a neutral arbitrator. *See United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997); *see also United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."). Accordingly, there is a strong presumption that documents filed in a lawsuit that are pertinent to a judicial determination should be freely available to the public. *Colony Ins. Co. v. Burke*, 68 F.2d 1222, 1242 (10th Cir. 2012). Access to court filings may, however, be restricted when the public's right of access is outweighed by interests favoring non-disclosure. *See McVeigh*, 119 F.3d at 811. A party seeking to restrict public access bears the burden to demonstrate compelling reasons justifying restriction. *See Eugene S. v. Horizon Blue Cross Blue Shield of NJ*, 663 Fl.3d 1124, 1135-36 (10th Cir. 2011); *see also McVeigh*, 119 F.3d at 814. Thus, a movant must articulate a real and substantial interest that justifies depriving the public of access to documents

that informed the court's decision-making process. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Consonant with these precepts, D.C.Colo.LCivR 7.2 governs motions to restrict (whether unopposed or contested). This rule requires that a party seeking restriction: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; and (4) explain why no alternative to restriction will suffice. *See* D.C.Colo.LCivR 7.2. The fact that the parties agree to a Protective Order is in place is of no moment. It does not dictate the Court's decision or change its analysis, as the right of access belongs to the public who, necessarily, was not a party to such an agreement. *See* D.C.Colo.LCivR 7.2(c)(2).

## DISCUSSION

A.  Dollar Phone's Motion to Restrict (**# 21**).

Dollar Phone requests that declarations of five individuals, "and the Exhibits attached thereto," submitted in support of its Motion to Dismiss **(# 20)**, be placed under restriction. However, Dollar Phone has not complied with the requirements of D.C.Colo.LCivR 7.2. Dollar Phone's motion fails to identify any private interest that must be protected by restriction, much less why such an interest outweighs the presumption of public access to information it considers to be pertinent to its Motion to Dismiss this case. Dollar Phone refers to a proposed protective order, which, as stated in D.C.Colo.LCivR 7.2(c)(2), is not material to the public's right of access. The Motion further fails to point to any serious and imminent injury resulting from disclosure or address any alternatives to full restriction. In short, the Motion fails to comply with D.C.Colo.LCivR 7.2, and is therefore DENIED.

B. Nationwide's First Unopposed Motion to Retroactively Restrict (**# 31**).

Nationwide seeks retroactive restriction of Exhibit C (**# 29-3**) attached to its Response to Nationwide's Motion to Dismiss. Nationwide contends that Exhibit C contains "private, proprietary, confidential customer information and agreements that should not be subject to public disclosure but are necessary for the Response. . ." Without further explanation, Nationwide contends that 47 U.S.C. § 222 imposes a duty upon telecommunication providers to protect such customer information.

This Motion also fails to fully comport with the requirements of D.C.Colo.LCivR 7.2. Nationwide does identify the document (s) it seeks to restrict with particularity. However, with regard to purported private, proprietary or confidential customer information, the Motion fails to offer a detailed description of the information, and it does not correlate the information with a harm that will result from it being part of the public record.[2]

---

[2]     After review of Exhibit C and The Telecommunications Act, specifically 47 U.S.C. § 222, the Court has doubt that the Exhibit contains proprietary information or that its disclosure constitutes a violation of that statute. Section 222(h)(1)(A) defines proprietary information as "information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by any customer of a telecommunications carrier . . ." The "specific and dominant purpose of § 222 is the protection of customer privacy." *U.S. West, Inc. v. F.C.C.*, 182 F.3d 1224, 1236 (10th Cir. 1999). Notably, nothing in § 222 permits a party to avoid its burden to show that restriction of a document is justified upon balancing the private and public interests.

Exhibit C consists entirely of a log of unidentified phone numbers, along with dates and times the numbers were used. No customer names are provided, and no location other than broadly, "Guatemala," is indicated. Therefore, though Exhibit C contains phone numbers and information as to when such numbers were used, it does not reveal any customers subscribing to these numbers, and the Court has difficulty discerning the privacy interest of any customer in need of protection. It is not apparent that the information disclosed here is captured within § 222's overriding purpose – to protect customer privacy.

Moreover, § 222(c)(1) contains an exception to the prohibition on telecommunications carriers from disclosing proprietary information: when disclosure is "required by law." In *ICG Commc'ns, Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2002), the district court

Accordingly, Nationwide's Motion (**# 31**) is DENIED.

C. Dollar Phone's Unopposed Motion to Retroactively Restrict (**# 45**).

Dollar Phone's second motion relates to Exhibit 4 to its Motion to Dismiss (**# 20-4).** Exhibit 4 is an email exchange offered to the Court to show that the parties conferred. Dollar Phone represents that its counsel inadvertently included, attached to the email exchange, essentially the same document that Nationwide sought to restrict in its Motion (**# 31**) discussed above.

Because this Motion also fails to comport with D.C.Colo.LCivR 7.2, it is DENIED.

D. Dollar Phone's third Motion to Restrict (**# 55**)

Dollar Phone's final Motion requests that its Reply Brief (**# 56),**[3] a supporting witness Declaration (**# 57**), and the Exhibits attached to that declaration (**# 57-1** through **57-6**) be restricted. No particularized showing is made in conformance with D.C.Colo.LCivR 7.2. Instead, the only justification given is that there is a stipulated protective order and the "Declarations and Exhibits thereto contain private, proprietary, confidential customer information" that is necessary to the Motion to Dismiss. The protective order is not determinative of the question of public access and the boilerplate recitation of categories of

---

examined whether a discovery obligation constitutes an exception for when disclosure is required by law. The district court determined that a discovery order indisputably amounts to a legal requirement. *See id* at 613 ("it would defy logic to hold that a court order . . . would not itself constitute a 'law.'"). It is true that in that *ICG Commc'ns* the district court determined that there was "good cause" to restrict access to the documents to the attorneys only. However, in that case the documents did contain customer information, the party seeking to restrict offered good cause, and most importantly, there is no indication that the documents were submitted to the court for purposes of making a judicial determination.

[3]     Counsel has filed seven docket entries entitled "Reply to Response to Motion to Dismiss." The Court presumes that only Docket # 57 is Dollar Phone's Reply, as the remaining docket entries (**# 50, 51, 52, 53, 54,** and **57**) are witness declarations, which the Court presumes are attachments or Exhibits to the Reply. Future failure to comply with filing requirements will result in court-ordered CM/ECF training.

information that <u>might</u> be subject to restriction under some circumstances is insufficient to justify restriction here. The Motion is therefore DENIED.

## CONCLUSION

In addition to not complying with the applicable Local Rule, these Motions demonstrate a certain misunderstanding of the public's right to have access to information. The Court is a public forum, in which the parties' preferences to keep information private do not control. If information is important to the resolution of the issues before the Court, the parties should expect that it will be part of the public record, and restriction of public access will be approved only in special circumstances on a specific showing as required by D.C.Colo.LCivR 7.2.

IT IS ORDERED that Motions found at **# 21, 31, 45** and **55** are DENIED, with leave to renew. The Clerk shall lift restrictions in the docket associated with these motions.

Dated this 3rd day of March, 2017.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Court