## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| Nationwide Telecom Incorporated § | |
| § | |
| *Plaintiff,* § | |
| § | |
| § | |
| v. § | |
| § | Civil Action No. 16-cv2495-MJW |
| § | |
| § | |
| § | |
| Dollar Phone Corp.  . § | |
| § | |
| *Defendant.* § | |
| _____§ | |

### MOTION FOR RECONSIDERATION OF ORDER

Defendant Dollar Phone Corp. ("DPC"), by and through its undersigned counsel, for its Motion For Reconsideration of this Court's Order on Motion to Dismiss or Transfer Venue, Docket Number 65 (the "Order") (Exhibit A hereto), states as follows:

### Pre Motion Conference as Per Local Rules

1. DPC's undersigned counsel conferred with Michael Davis, Esq., new counsel to Nationwide Telecom Incorporated ("Nationwide") via email communications on September 27 and 28, 2017 concerning DPC's motion for reconsideration, based on the Court's presumption that Nationwide's switch is located in Colorado, when it is not, and sought consent to this motion.

2. Michael Davis, Esq. responded by email on September 28, 2017 that Nationwide does not consent to the relief sought in this motion.

**The Order Presumes Nationwide's Los Angeles, CA Switch is Located in Colorado**

3. DPC moves for reconsideration and or renewal, or alternatively pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's Order, dated September 18, 2017 (the "Order") in order to correct manifest injustice.

4. The Order presumed that Nationwide Telecom's switch(es) that allegedly was accessed by DPC was accessed in Colorado – a fact which was never alleged by Nationwide. In view of Nationwide never having made this allegation, DPC therefore was not on notice it needed to brief and present this factual issue for the Court on the prior motion to dismiss.

5. The Court found specific jurisdiction based on a presumption that because neither side stated where Nationwide's wholesale switch was located, that therefore the Court would presume the wholesale switch was in Colorado. As the Court stated (Order at p. 7):

> Neither side has identified the physical location of the wholesale switch owned by Nationwide and accessed by Dollar Phone, but the Court construes the Amended Complaint's allegation that "Nationwide's business is within the territorial boundaries of . . . Colorado" to assert that Nationwide maintains equipment of this type in Colorado. Thus, it appears that Dollar Phone made a form of electronic contact with property belonging to Nationwide in Colorado.

6. As set forth in the accompanying declaration of David Klein, a consultant for DPC, Nationwide's wholesale switch(es) DPC is alleged to have accessed is(are) located in Los Angeles, California.

7. DPC did not have notice of a need to present this factual information to the Court earlier in its motion papers because Nationwide did not anywhere allege, neither in its pleading nor in its opposition to the motion to dismiss, that its wholesale switch was located in Colorado.

    Clearly it is not. Only the Court in its Order (at p. 7) made this presumption of a fact never alleged by Nationwide, and which presumption is not correct factually.

8. Thus, it would be a manifest injustice if this Court were to require DPC to go to trial in Colorado to show the easily demonstrable, undisputed fact (which was never alleged by Nationwide) that Nationwide's switch(es) is(are) not located in Colorado, but are located in Los Angeles, California.

9. In view of this factual information, the Court should find there is no specific jurisdiction over DPC based on alleged accessing electronically of Nationwide's switch(es) locate in Los Angeles, California.

10. While the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, Federal Rule 60(b) allows a litigation to seek relief from an order.

11. DPC should be granted relief from the Order because the Court miscomprehended a fact never alleged by Nationwide, namely the location of Nationwide's wholesale switch.

12. WHEREFORE, for the reasons set forth above, Defendant Dollar Phone Corp. respectfully requests that the Court grant Defendant's Motion for reconsideration of the Order, and that upon reconsideration the Court Grant DPC's motion to dismiss, or in the alternative transfer venue to the Eastern District of New York, and grant Defendant such other and further relief as is just, proper and equitable.

Dated: September 28, 2017

                                        Respectfully submitted,

*/s/ Edward N. Gewirtz*_____
By:  Edward N. Gewirtz
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
(212) 697-7296 (facsimile)
Chona@bgandg.com
*Co-Attorneys for Defendant*


Lee M. Kutner
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO  80264
303-832-2711 Direct
303-832-1510 Fax

LMK@kutnerlaw.com
*Co-Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September 2017, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Aimee M. Bove
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Attorneys for Plaintiff Nationwide Telecom Incorporated
above@bknmurray.com

and

Michael J. Davis, Partner
4100 E. Mississippi Avenue, Suite 420
Denver, Colorado  80246
mdavis@dlglaw.net

Dated:  September 28, 2017

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　Edward N. Gewirtz