**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-02495-MSK-MJW

**NATIONWIDE TELECOM INCORPORATED**,

Plaintiff,

 v.

**DOLLAR PHONE CORP.**

Defendant.

---

**RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION**

---

Plaintiff Nationwide Telecom Incorporated ("Nationwide"), through its undersigned counsel, opposes Defendant's Motion for Reconsideration (ECF no. 66) ("Motion") and states as follows:[1]

1. On September 18, 2017, the Court issued its Order denying Defendant Dollar Phone Corp.'s ("Dollar Phone") Motion to Dismiss and Alternative Motion to Transfer the Case ("Order," ECF no. 65).

2. Among other things, the Court found it had specific jurisdiction.  (Order at 7-8.)

3. The Court found that Dollar Phone purposely directed traffic to Nationwide's IP addresses, which the Court concluded were controlled by equipment such as a wholesale switch

---

[1] Plaintiff has submitted an Unopposed Motion for Leave to File Late Response In Opposition to Motion for Reconsideration, respectfully seeking leave to submit this response one day late (ECF no. 69).

that the Court presumed was located in Colorado. (*Id.* at 7.)

4. Dollar Phone now asks the Court to reconsider its Order because, it claims, Nationwide's physical wholesale switch is located in Los Angeles, California.[2]

5. Defendant's argument as to the physical location of the switches is overly simplistic and fails to explain away the other connections between its actions and the forum state.

6. While it is true that part of Nationwide's telecommunications operations are located in Los Angeles, including part of its wholesale switch infrastructure, its core physical operations are located in Denver, Colorado. *See generally* Affidavit of Omid Shekarchian, attached hereto.

7. Plaintiff's business is unquestionably tied to Colorado. *See id.* ¶¶ 3-6, 8, 13.

8. Nationwide stores its physical components in multiple locations, including Los Angeles, in order to create redundancy in its telecommunication system. *Id.* ¶¶ 8-9, 12-13.

9. There is no significance to the physical location of the IP address of the switch. Today, all you need is an IP address to send a call to a switch, which can be located anywhere in the country and connected to anywhere in the country. *Id.* ¶ 12, 14.

10. Moreover, even if the Court were to agree with Defendant that the wholesale switch components were located in Los Angeles, Defendant does not explain why that should change the ultimate result of the Court's determination on the Motion to Dismiss, given that other relevant IP addresses were registered in Colorado.[3] *See* Shekarchian Aff. ¶¶ 18, 21.

---

[2] The Motion to Reconsider and accompanying affidavit does not challenge the Court's holding that the contact was purposeful, that injuries were felt in Colorado, or that jurisdiction in Colorado would not offend notions of fair play and substantial justice. (ECF no. 65 at 7-8.)

[3] Defendant's argument that the switches are located in California does not square with its argument that New York should have jurisdiction—or at least venue—over the case. *See generally* Motion to Dismiss and Alternative Motion to Transfer the Case (ECF no. 20).

11. IP addresses are Internet addresses that do not demonstrate physical location or jurisdiction; however, an IP address has a registered owner with a physical address. *Id.* ¶¶ 19-20.

12. The trunk IPs addresses that were the final point terminating the long distance calls at issue in this case are all registered to CenturyLink in Denver, Colorado.[4] *Id.* ¶ 18, 21.

13. Defendant, through conducting a traceroute, would be able to identify the end point IP address as being located in Denver, CO. *Id.* ¶¶ 15-17; *Shrader v. Biddinger*, 633 F.3d 1235, 1245 (10th Cir. 2011) (distinguishing case where defendant had no indication that plaintiff's business was tied to a particular forum state and case where forum state was unquestionably the center of plaintiff's business activities).

14. In short, Defendant has offered no compelling reason for the Court to revisit its finding that Colorado has specific jurisdiction over Defendant. For the reasons the Court stated in its original order, the Court has specific jurisdiction over Dollar Phone.

WHEREFORE, Nationwide respectfully requests that the Court deny Dollar Phone's Motion and grant such other and further relief is it deems just and proper in the premises.

Dated this October 20, 2017.                           Respectfully submitted,

*s/Michael J. Davis*
Michael J. Davis (Colo. Bar #44287)
DLG Law Group LLC
4100 E. Mississippi Ave., Suite 420
Denver, CO   80246
Main (303) 758-5100
Fax (330) 758-5055
mdavis@dlglaw.net

---

[4] The Amended Complaint alleges that Dollar Phone, without authorization, obtained access to Plaintiff's T1 Trunk Line through improperly obtained IP addresses, which directed traffic to CenturyLink's IP addresses and caused CenturyLink to bill Plaintiff over $65,000.00 dollars in telecommunication services that Plaintiff did not use. (ECF no. 17.)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of October, 2017, a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION was served via ICCES on the following:

Edward N. Gerwitz
Bronstein, Gewirtz & Grossman LLC
60 East 42nd Street, Suite 4000
New York, NY 10165
ATTORNEY FOR DOLLAR PHONE CORP.

Lee M. Kutner
Kutner Brinen, PC
1660 Lincoln Street, Suite 1850
Denver, CO  80264
ATTORNEY FOR DOLLAR PHONE CORP.

*s/Michael J. Davis*
Michael J. Davis