IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2495-MSK-MJW

**NATIONWIDE TELECOM INCORPORATED,**

    Plaintiff,

v.

**DOLLAR PHONE CORP.,**

    Defendant.

---

### ORDER GRANTING MOTION FOR RECONSIDERATION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

**THIS MATTER** comes before the Court on the Defendant's Motion for Reconsideration (# **66**), the Plaintiff's response (# **70**), and the Defendant's reply (# **72**). For the reasons that follow, the Motion is granted.

The facts are summarized in the Court's order on Defendant Dollar Phone Corp.'s Motion to Dismiss (# **65**), which held that the Court has personal jurisdiction over Dollar Phone. In relevant part, the Court's order read:

> Neither side has identified the physical location of the wholesale switch owned by Nationwide and accessed by Dollar Phone, but the Court construes the Amended Complaint's allegation that "Nationwide's business is within the territorial boundaries of . . . Colorado" to assert that Nationwide maintains equipment of this type in Colorado. Thus, it appears that Dollar Phone made a form of electronic contact with property belonging to Nationwide in Colorado.

# 65 at 7.

Dollar Phone now moves the Court to reconsider that order because the wholesale switches the Court presumed were in Colorado instead are actually located in Los Angeles,

California. To that end, Dollar Phone includes evidence that the geolocation of each of the five IP addresses that it is alleged to have accessed is in Los Angeles. # 66-4 at 2–6; # 66-5 at 2.

Motions for reconsideration are not addressed by Federal Rule of Civil Procedure. However, relief from an order can be sought pursuant to Fed.R.Civ.P 60. Rule 60(b) permits the Court to grant relief from an order due to, among other things, a substantive mistake of law or fact by the Court, newly discovered evidence that, with reasonable diligence, could not have been discovered earlier, or as a result of any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(2), (6); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Reconsideration under Rule 60(b) is extraordinary, and may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it properly used to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

Dollar Phone seeks to correct the Court's personal-jurisdiction analysis with regard to whether minimum contacts exist between Dollar Phone and Colorado, the forum state, such that it "should reasonably anticipate being haled into court there". *AST Sports Science Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). The Court's minimum-contacts determination was based on specific jurisdiction, which focuses on whether a defendant purposefully directed its activities at the forum, and is based on three factors: (1) an intentional action that was (2) expressly aimed at the forum state with (3) knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov v. Chalk & Vermilion Fine Arts Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). By submitting evidence that Nationwide's relevant switches are in

Los Angeles, Dollar Phone has shown that its intentional action was not necessarily aimed at Colorado, and has thus identified a substantive mistake of fact. Accordingly, the Court will reconsider whether it has specific jurisdiction over Dollar Phone.

The personal jurisdiction query focuses on the Dollar Phone's alleged action, whether it was directed at Colorado and whether Dollar Phone knew that the injury would be felt in Colorado. The burden of proof is on Nationwide.

Here, the alleged action by Dollar Phone was routing approximately 157,000 calls through Nationwide's IP address. In its prior Order, the Court found that Dollar Phone's actions were purposeful and that the injuries were felt in Colorado. Based on the record, the Court found that there was nothing to suggest that Dollar Phone was unable to ascertain the physical location of the switch over which the calls would be processed. However, the Court incorrectly assumed that the switches over which the calls were routed were located in Colorado. Because the switches are not located in Colorado, the issue now is not merely a technical question of how calls are routed. Instead, it is a factual one - is there evidence that shows that Dollar Phone expressly directed its activity at Colorado?

Nationwide offers the affidavit of Omid Shekarchian (who also appears in other exhibits as Dave Abadi). Nationwide agrees that the switches connected to the IP addresses in this case are in Los Angeles, California. However, Mr. Shekarchian states that Nationwide spread the components of its wholesale switch across multiple locations, and the California location is merely an "extended service end point from [its] Denver facility site."  # 70-1 ¶ 8. Mr. Shekarchian insists that Denver is the core switch for its widely dispersed servers, gateways, and firewall. As an example, Mr. Shekarchian provides a "traceroute" for a California IP address not at issue in this case that shows an endpoint IP located in Denver.

3

This evidence suggests that some IP addresses may have an endpoint IP address in Colorado, but it does not establish that the particular IP addresses that Dollar Phone used are tied to Colorado, nor that Dollar Phone knew or could have known of the connection to Colorado at the time it routed calls through Nationwide. Indeed, Mr. Shekarchian's statement that Nationwide's wholesale switches are spread across multiple locations suggests just the opposite - that there is no way for Dollar Phone to have known how the calls would be routed, and thus could not have purposely routed such calls through Colorado.

The Court has some doubt that traceroute evidence is helpful to this analysis because it is retrospective and neither party has correlated traceroute evidence with knowledge of what route a call will take before the call is made. Put differently, the importance of the location of physical switches in Colorado, was the inference that Dollar Phone knew or could have known that the calls it routed would go through Colorado and thus that its contact with Colorado was purposeful. If a traceroute is only retrospective, there is no necessary inference of intentional action by Dollar Phone. If an inference of intentional action can be drawn from a traceroute, then Nationwide's example is irrelevant because it is not one of the calls at issue in this case. (listed in the Amended Complaint # 17 ¶¶ 19–20). Dollar Phone's inclusion of a traceroute for an IP address in the family of IP addresses at issue (65.112.165.1), which Nationwide owns (# 66-5 at 2), shows that there is no endpoint in Colorado. # 72-10 at 2. Thus, if traceroute evidence is relevant, the only evidence pertinent to the calls at issue does not show an endpoint in Colorado.

Put simply, although Nationwide may have a widely dispersed business with a Colorado connection, use of its lines is not automatically purposeful conduct directed at Colorado. In the absence of evidence showing that the subject calls made electronic contact with Colorado, and

that such contact was or could have been known by Dollar Phone, no inference can be made that Dollar Phone made purposeful contact with Colorado. Thus, a showing of specific personal jurisdiction in Colorado has not been made.

For the foregoing reasons, Dollar Phone's Motion for Reconsideration (**# 66**) is **GRANTED**. The Court's Order (**# 65**) **VACATED**, and the Opinion is supplemented by this Order. Dollar Phone's Motion to Dismiss for lack of personal jurisdiction (**# 20**) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

Dated this 5th day of April, 2018.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Court